IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Boatwright, ) | Civil Action No.: 4:09-cv-01268-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER GRANTING PLAINTIFF'S MOTION** |
| ) | **TO AMEND AND REMAND** |
| ) | |
| Beazer Homes USA, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is now before the court with Plaintiff's [Docket Entry 20] Motion to Amend/Correct and [Docket Entry 23] Motion to Remand filed on September 17, 2009.[1] Defendant filed a response in opposition of the motions on October 5, 2009, to which Plaintiff replied on October 15, 2009.[2]

**Procedural History**

On March 14, 2007, Plaintiff and Defendant entered into a contract for the sale of a home located on Lot 56, at 700 Gazania Lane, Myrtle Beach, South Carolina 29579. Defendant had developed and constructed the home. On November 16, 2007, Plaintiff allegedly suffered bodily injury when his attic stairs collapsed causing Plaintiff to fall on to the cement garage floor.

On April 14, 2009, Plaintiff, a South Carolina resident, commenced the present suit in the

---

[1] The court notes that the following motions are also pending before the court: Defendant's [Docket Entry 11] Motion to Compel Arbitration, Plaintiff's [Docket Entry 12] Motion to Compel Defendant's Answers to Discovery Documents, and Plaintiff's [Docket Entry 16] Motion to Substitute Party Defendant.

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

Court of Common Pleas for the County of Horry, South Carolina. The original complaint names Beazer Homes USA, Inc. as Defendant, and contains causes of action for negligence, breach of express/implied warranties, and negligent failure to warn.

On May 14, 2009, Defendant removed the suit to this court pursuant to 28 U.S.C. § 1332. The court entered a scheduling order on May 15, 2009. On July 31, 2009, Defendant filed a motion to compel arbitration, and on August 11, 2009, Plaintiff filed a motion to compel Defendant's answers to discovery. Thereafter, Plaintiff and Defendant filed memoranda in opposition to the respective motions, and both motions are still pending before this court.

Additionally, on September 2, 2009, Plaintiff filed a motion to substitute a party defendant, to which Defendant has consented. Ultimately, the motion to amend and remand currently pending before the court was filed on September 17, 2009.

**Discussion**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff seeks to amend the complaint to add as a party Aaron P. Horne, individually and doing business as Annex Interiors ("Horne/Annex"). Plaintiff additionally moves the court to remand the case to State court pursuant to 28 U.S.C. § 1447(e) because Horne, also a South Carolina resident, is a non-diverse party. The addition of Horne as a party would divest this court of its diversity jurisdiction thereby requiring remand to State court. See 28 U.S.C. § 1332 & § 1447(e).

Prior to the filing of the original complaint, Plaintiff had been informed that Horne/Annex did not perform work on Plaintiff's home. In a letter dated March 2, 2009, Horne stated that Annex "did not install the pull down stairs at 700 Gazania Ln," and that Annex could also "provide statements from employees and managers associated with [the overall subdivision

2

construction] to validate . . . the fact that no work was done on 700 Gazania Ln." Horne Letter [Docket Entry 24, Attach. 1]. However, after removal and during discovery, Defendant provided 696 pages of documents. During review of that information, Plaintiff discovered several documents that appear to evidence payments from Defendant to Horne/Annex with regard to work done on Plaintiff's home on Lot 56, Gazania Lane. See [Docket Entry 23, Attach. 2] at 4-7. It is upon this new information that Plaintiff seeks to amend the complaint to add Horne/Annex as a defendant, and remand the case to State court.

In analyzing Plaintiff's motion to amend the pleadings, the court must first determine whether Plaintiff's motion should be granted when it was filed after the deadline in the scheduling order for filing such motions. The scheduling order entered in this case required that all motions to join parties or amend the pleadings be filed by August 12, 2009. Scheduling Order [Docket Entry 6] at 3. However, Plaintiff filed the motion currently pending before the court on September 17, 2009, which was thirty-six (36) days after the deadline. "[A]fter the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Furthermore, the "good cause" standard has been properly construed to mean that "scheduling deadlines cannot be met despite a party's diligent efforts. . . . In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.'" Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997) (internal citations omitted). In our case, Plaintiff's motion to amend should be granted despite the fact it was filed after the deadline in the scheduling order. Defendant produced the discovery containing the information upon which

Plaintiff seeks the amendment only two [2] weeks prior to the scheduling deadline. Plaintiff seeks the amendment based solely on information contained within that discovery. Moreover, the discovery totaled 696 pages, and many of Defendant's responses to specific discovery requests simply stated to "see pages 1-696." See Def's. Resps. [Docket Entry 15, Attach. 1] at 2-19. The thirty-six [36] days between the deadline and when the motion was finally filed is not an unreasonable amount of time given the volume of discovery and nonspecific discovery responses by Defendant. Therefore, the court concludes that Plaintiff has shown sufficient good cause to allow an amendment of the pleadings after the deadline in the scheduling order.

Defendant next argues that "Plaintiff's Motion to Amend should be denied because the sole purpose of the amendment is to defeat jurisdiction in this Court." Def's. Memo. in Opp'n [Docket Entry 24] at 4. The court disagrees. "When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e) . . . ." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Section 1447(e) states that, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e). The Fourth Circuit has held that "the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." Mayes, 198 F.3d at 462. Moreover, "[u]nder Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court . . . ." Id. In exercising that discretion, the court is entitled to consider "all relevant factors," including:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;

4

(2) whether the plaintiff has been dilatory in asking for the amendment;

(3) whether the plaintiff will be significantly injured if the amendment is not allowed; and

(4) any other factors bearing on the equities.

Id.; see also Gum v. Gen. Elec. Co., 5 F. Supp. 2d 412, 414 (S.D.W. Va. 1998).

After reviewing the above factors, Plaintiff's motion to amend the pleadings should be granted. The court disagrees with Defendant's assertion that Plaintiff is "forum shopping" and seeks the amendment solely to defeat federal jurisdiction. The evidence in the record does not suggest such an improper motive or fraudulent joinder. First, while Plaintiff admits he knew of Horne/Annex prior to filing his original complaint, Plaintiff seeks the amendment based upon new information uncovered during discovery. As discussed above, after being informed that Horne/Annex did not perform any work on 700 Gazania Lane, Plaintiff found evidence of payments from Defendant to Horne/Annex regarding work done on that home in Defendant's discovery documents. This new information is a legitimate reason for Plaintiff to now seek amendment of his original complaint and joinder of Horne/Annex as a co-defendant. The fact that the motion to amend was filed shortly after significant discovery took place, which yielded new information linking Defendant and Horne/Annex, distinguishes our case from others where courts have denied such motions to amend. See Gum, 5 F. Supp. at 415 ("The proximity of removal and the motions to amend, with little intervening discovery, suggests the motions were filed as tactical maneuvers, rather than as the result of newly discovered facts."). Moreover, notwithstanding Defendant's arguments to the contrary, the facts and allegations contained within the proposed amended complaint are sufficient to evidence a proper and legitimate motive by Plaintiff in seeking the amendment. In his proposed amended complaint, Plaintiff seeks to

hold Horne/Annex responsible for failing to warn of the defective attic stairs, and with the newly discovered evidence showing Horne/Annex performed work on the home there is proper motive for Plaintiff to seek this amendment. With regard to the second factor, Plaintiff was not dilatory in seeking the amendment. As previously discussed, Plaintiff filed his motion to amend within a reasonable time after discovering evidence of a possible business relationship between Defendant and Horne/Annex with respect to Plaintiff's new home. As to the third factor, Plaintiff would suffer significant injury if his motion to amend is not granted. Although Defendant is correct in arguing that Plaintiff could still bring suit against Horne/Annex in State court, requiring Plaintiff to do so would create hardship. Regardless of whether Plaintiff's current suit is adjudicated through arbitration or litigation, if the complaint is not amended to include Horne/Annex Plaintiff would be required to pursue his claims against Horne/Annex in a second, but similar adjudication. Finally, while Defendant may argue that it has incurred significant costs in litigating this matter in Federal court to date, Plaintiff would also suffer significant costs if required to bring this identical suit a second time in State court against Horne/Annex. After reviewing the four factors, the court finds that Plaintiff is seeking the amendment for a legitimate, proper reason and that his motion to amend should be granted.

Additionally, although Defendant correctly argues that the court may retain jurisdiction and deny a proposed amendment where Plaintiff seeks to add a dispensable party, the court refuses to do so here. Plaintiff's claim against Horne/Annex, the proposed new party, is identical to one of the claims raised against Defendant, and they arise out of the same work and construction done on Plaintiff's new home. Accordingly, in exercising its broad discretion, the court refuses to deny the amendment and retain jurisdiction.

Furthermore, the court does not find at this time that the amendment of the complaint would be futile.[3] Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss a complaint must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Anderson v. Sara Lee Corp., 508 F.3d 181 (4th Cir. 2007). Plaintiff's proposed amended complaint alleges factual allegations against both Defendant and Horne/Annex, including that both are corporations doing business within the State of South Carolina and that both failed to warn Plaintiff of the dangerous condition of the attic stairs. Am. Compl. [Docket Entry 20, Attach. 3] at 1-5. At this stage, the court does not find that Plaintiff's amended complaint would clearly not survive a motion to dismiss.[4] Moreover, the issue regarding arbitration of the claims appears to be complex. While Plaintiff and Defendant have substantially briefed the issue to this court, the new party Horne/Annex has not had that opportunity. Because there are arguments that claims against both Defendant and Horne/Annex should be arbitrated rather than litigated, the court declines to rule that the amendment would be futile when no party has had the opportunity to address the issue with respect to Horne/Annex. Accordingly, at this stage of the litigation, the court does not find that Plaintiff's amendment would be futile.

---

[3] Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). A motion to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

[4] "It is often a better exercise of the court's discretion, however, and a conservation of judicial resources, to leave decisions with respect to motions to amend until the matter has been fully briefed in a motion to dismiss. In ruling on a motion to amend, a court should only delve into the merits when it is absolutely clear that the amendment is frivolous." DirecTV, Inc. v. Benson, 333 F. Supp. 2d 440, 444 (M.D.N.C. 2004).

Because the court is granting Plaintiff's motion to amend and thereby remanding this case to State court, any arguments regarding Plaintiff's motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41 are moot. Therefore, the court will not address any such arguments in this order.

### Conclusion

The court has reviewed the motions, memoranda, and applicable law. For the reasons stated above, Plaintiff's Motion to Amend is **GRANTED**, and this case is hereby **REMANDED** to State court. All other pending motions are deemed moot.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

December 9, 2009
Florence, South Carolina